BARFIELD, Judge,
dissenting:
I dissent.
The deputy commissioner awarded claimant’s attorney a fee of $40,000 because the employer/carrier acted in bad faith. One taking exception to this ruling, as with any lower tribunal decision where there is evidence tending to support the decision, is routinely confronted by the substantial evidence test, which is generally stated to be “such relevant evidence as a reasonable mind would accept as adequate to support a conclusion.” DeGroot v. Sheffield, 95 So.2d 912, 916 (Fla.1957).
The test of competent substantial evidence as an appellate review criterion becomes most difficult to apply when the court considers whether it is overstepping its bounds and substituting its judgment for that of the lower tribunal or reweighing the evidence. However, when the result below is unconscionable, I have no fear that a court exceeds the bounds of appellate review in overturning such results. The conclusion in this case is an unconscionable one, deserving of reversal.
The attorney estimated that he spent 47 to 50 hours on this case and the deputy commissioner accepted this time estimate. The deputy commissioner determined that the present value of benefits obtained was at least $300,000, but apparently less than the $374,000 estimated by claimant’s attorney. The employer/carrier never contested any part of the claim, never appeared at any discovery proceedings or hearings on the compensation claim and never took exception to the deputy commissioner’s rulings on the compensation claim. After the claimant presented a prima facie case for benefits, the matter was set for hearing on attorney fees. For the first time the employer/carrier appeared through counsel, admitted bad faith in the initial handling of the claim and asked the deputy commissioner to be reasonable in setting an attorney fee.
In support of the fee the deputy commissioner signed a substantially boilerplate order in which he made findings, some of which contradict the evidence of claimant’s attorney (the only evidence presented) and others of which defy reason. The deputy commissioner concluded that anyone reviewing the case would think it routine and not difficult, but he knew the case was pretty tough. The claimant’s attorney presented affidavits that the hourly rate for claimants’ attorneys in his area was from $100 to $200, but the deputy commissioner knew that wasn’t accurate because it often exceeded $200 per hour. The deputy also found the attorney had to prepare to prove his entire case. Apparently the deputy commissioner does not expect lawyers to prepare as a routine practice in all cases. The deputy commissioner and I will never concur in this view of the professional responsibility of a lawyer in preparing cases. The deputy commissioner concluded that representation of this claimant probably precluded the attorney from representing insurance companies and carriers. There was no evidence that the attorney turned down any insurance company or carrier as a client. There was no evidence that this attorney even wanted to represent insurance companies or carriers. Given the fee awarded in this case, it is doubtful this attorney would even think of switching sides. The deputy commissioner concluded that while the attorney worked on this case he couldn’t work on another case. That isn’t a particularly remarkable occurrence, but more a truism for any profession or any other task in life. This record does not contain any evidence that this attorney turned down any work, much less work that would have paid him over $800 per hour.
*1036 So that this case might not be disregarded as an exercise in the abstract, we are fortunate in having a standard of comparison. In a decision being released concurrently with this decision, City of Cocoa Beach v. Thompson, 572 So.2d 1033 (Fla. 1st DCA 1987), this court, in affirming in part and reversing in part, has addressed the same issue, a bad faith attorney’s fee, awarded by the same deputy commissioner to the same claimant’s attorney in almost the same amount, $42,000, based on the deputy commissioner’s present value assessment of $275,000 in benefits obtained. The same boilerplate “findings” are made by the deputy concerning hourly rates, complexity, preclusion from other work, reputation of claimant’s attorney and so forth. However, the deputy commissioner approved 100 hours as reasonable, every issue was contested by the employer/carrier, the issue of bad faith was contested, the apportionment of attorney’s fees was contested and the preeminence of defense counsel was recognized by the deputy commissioner. The two awards are irreconcilable.
I would reverse this award and remand for further determination, probably by a different deputy commissioner.